UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ERIC L. LEVINE, | * | |
|  | * | |
| Petitioner, | * | |
|  | * | |
| v. | * | Civil Action No. 20-cv-11833-ADB |
|  | * | |
| U.S. DEPARTMENT OF FEDERAL BUREAU OF PRISONS, | * | |
|  | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Petitioner Eric L. Levine ("Petitioner") filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit for time served under home confinement between his conviction in June 2010 and sentencing in January 2011. [ECF No. 2 at 3]. Currently before the Court is Respondent U.S. Department of Federal Bureau of Prison's ("Respondent") motion to dismiss for failure to exhaust administrative remedies. [ECF No. 11]. For the reasons set forth below, Respondent's motion is GRANTED.

**I.   BACKGROUND**

On June 2, 2010, a jury convicted Petitioner of wire fraud and money laundering, and on January 21, 2011, he was sentenced to 144 months in prison. Jury Verdict, United States v. Levine (D. Mass. June 2, 2010), Dkt. 493; Judgment, United States v. Levine, 08-cr-10121 (D. Mass. Jan. 21, 2011), Dkt. 731. Between his conviction and sentencing, Petitioner was placed on home confinement with electronic monitoring. [ECF No. 2 at 3]. Soon after his sentencing in January 2011, Petitioner entered into a Bureau of Prisons ("BOP") facility to begin serving his

sentence.  See [ECF No. 2 at 3; ECF No. 12 at 2].  On August 1, 2019, Petitioner, who is in his late sixties, was released to serve the remainder of his sentence under home confinement pursuant to the Bureau of Prisons' Elderly Release Program.  See [ECF No. 2 at 1; ECF No. 12 at 2].  While serving under home confinement in Massachusetts, he is being supervised by the Philadelphia Community Corrections Office.  [ECF No. 2 at 1; ECF No. 12 at 2].  Petitioner is set for release from home confinement and to begin supervised release in April 2021.  [ECF No. 2 at 6; ECF No. 12 at 2].

In September 2020, Petitioner mailed a letter to the Regional Counsel at BOP's Northeast Regional Office, requesting credit for his pre-sentence term of custody.  [ECF No. 2 at 1–2; ECF No. 2-1 at 2 (letter)].[1]  Petitioner did not receive a response to his request.  [ECF No. 2 at 2].

II.     **LEGAL STANDARD**

Section 2241 petitions are available to inmates who are "in custody under or by color of the authority of the United States . . . ."  28 U.S.C. § 2241(c)(1).  Petitions brought under "§ 2241 generally challenge[] the *execution* of a federal prisoner's sentence, including such matters as . . . computation of a prisoner's sentence by prison officials . . . ."  Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)), report and recommendation adopted, 620 F. Supp. 2d 203, 204 (D. Mass. 2009).  "A petition under § 2241 must be brought in the district where the prisoner is incarcerated, and must follow exhaustion of all available federal administrative remedies."  Carter v. Grondolsky, No. 12-cv-11426, 2014 U.S. Dist. LEXIS 178303, at *9 (D. Mass. Dec. 30, 2014) (internal citations

---

[1] When reviewing a motion to dismiss under Rule 12(b)(6), the Court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'"  Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

omitted) (first citing United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999); then citing Sayyah v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004)).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In addition, "[i]n reviewing the dismissal of a pro se complaint for failure to state a claim, [the Court] must construe it liberally . . . ." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "[t]his is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Id. (citing Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir. 1979)).

### III.     DISCUSSION

Petitioner raises two grounds for relief: (1) that he is entitled to credit for time served in home confinement prior to his sentencing in January 2011; and (2) that he is entitled to credit due to his age and because he participated in programming during his term of incarceration. [ECF No. 2 at 1, 5].

### A.    Credit for Pre-Sentence Home Confinement

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b).  The Supreme Court has interpreted this to mean that the BOP, not district courts, has the authority to calculate the time remaining on a sentence, including credit for time served pre-sentencing.  United States v. Wilson, 503 U.S. 329, 335 (1992); Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass. 2020) ("The authority to calculate release dates rests with the Bureau of Prisons.").  "While '§ 3585(b) does not authorize a district court to compute the credit at sentencing,' the Bureau of Prisons has authority to provide it as an administrative remedy, subject to ultimate judicial review by habeas petition under 28 U.S.C. § 2241." United States v. Stebbins, 523 F. App'x 1, 4 (1st Cir. 2013) (citations omitted) (quoting Wilson, 503 U.S. at 334).  Thus, an inmate seeking to obtain credit for time served pre-sentence under § 3585(b) must begin by seeking an administrative remedy directly with the BOP.

In his letter to the BOP's Northeast Regional Office and petition to this Court, Petitioner asserts that the BOP's administrative remedy procedures are not applicable to him because he is serving the remainder of his sentence under home confinement.  [ECF No. 2 at 1; ECF No. 2-1 at 2].  Petitioner states in his letter to the Regional Counsel that "[t]here is no staff, other than non-BOP private contractor staff at the halfway house I report to weekly.  The private contractor has no appointment or authority to consider or act upon this request." [ECF No. 2-1 at 2–3].  Respondent argues that the procedures set out in the BOP's Administrative Remedy Program ("the Program") do apply to Petitioner, and that he failed to follow those procedures.  [ECF No. 12 at 7 (citing 28 C.F.R. §§ 542.13–15)].

4

While the Court accepts Petitioner's representation that he believed the Program and its procedures were not applicable to him because he is currently serving his sentence under home confinement, [ECF No. 2 at 7], Petitioner's belief was mistaken.  He acknowledges that he is under the supervision of "the BOP contractor Community Resources for Justice and the halfway house, Coolidge House," but asserts that these are not BOP facilities with the authority to review his request.  [ECF No. 2 at 7].  In fact, however, the "Program applies to all inmates in institutions operated by the Bureau of Prisons, *to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility*, and to former inmates for issues that arose during their confinement."  28 C.F.R. § 542.10(b) (emphasis added).

According to a BOP Policy Statement, inmates on home confinement who are monitored by CCC staff are participating in a "contractor-operated program[]," as described under the regulation.  BOP, Program Statement No. 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, at 6 (Dec. 16, 1998).  As a result, Petitioner was required to follow the procedures outlined by the Program to pursue his request for credit.  See Rodriguez-Rosa v. Spaulding, No. 19-cv-11984, 2020 U.S. Dist. LEXIS 88044, at *19 (D. Mass. May 19, 2020) ("A section 2241 petition seeking sentence credit under section 3585(b) is subject to dismissal if the prisoner fails to exhaust his administrative remedies with the BOP."); Cook, 433 F. Supp. 3d at 57 (D. Mass. 2020) (dismissing § 2241 petition seeking credit adjustment due to petitioner's failure to exhaust administrative remedies); see also Report and Recommendation, Wilson v. Sawyer, 19-cv-00358, (N.D. Fla. Jan. 9, 2020), Dkt. 25 (dismissing § 2241 petition seeking credit adjustment because petitioner, who was serving remainder of his sentence under

home confinement, failed to exhaust administrative remedies), report and recommendation adopted, 19-cv-00358, (N.D. Fla. Jan. 29, 2020), Dkt. 26.[2]

Under the regulations outlining the Program, Petitioner must first mail an Administrative Remedy Request to his Community Corrections Manager ("CCM"). 28 C.F.R. § 542.14 (outlining form and steps required to complete request); id. § 542.11(a) ("The Community Corrections Manager . . . [is] responsible for the implementation and operation of the Administrative Remedy Program at the Community Corrections Center . . . and shall: [c]onduct an investigation into each Request . . . [and] [r]espond to and sign all Requests . . . filed at their level[] . . . .").[3] If the CCM is unable to resolve his request or fails to respond, then Petitioner can seek review with a Regional Director (here, the Northeast Regional Director). Id. § 542.15; BOP, Program Statement No. 1330.18, Administrative Remedy Program, at 3 (Jan. 6, 2014) (setting forth procedures and noting that the term "Warden" in the policy statement should be read to mean "CCM" for those inmates assigned to a CCC). If the Regional Director fails to resolve his request, Petitioner must then submit his request to the BOP's Office of General

---

[2] Respondent argues that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to § 2241 petitions. [ECF No. 12 at 5]. As other courts in this district have noted, however, there is "ample authority, including from other sessions of this Court, stating that the PLRA's exhaustion requirement does not apply to habeas petitions under 28 U.S.C. § 2241." Idada v. Spaulding, 456 F. Supp. 3d 294, 296 (D. Mass. 2020). Even so, § 2241 bears an exhaustion requirement of its own. Id. at 297 ("Laying the PLRA aside, there remains a common law requirement of exhaustion of administrative remedies before filing this § 2241 petition."); see also Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) (holding that § 2241 requires exhaustion of administrative remedies where BOP has sole authority for an action; in that case, designating an inmate to a facility).

[3] Respondent states that Petitioner must first pursue an informal remedy by raising his request with staff. [ECF No. 12 at 3, 7]. Under the regulations, however, "[i]nmates in CCCs are not required to attempt informal resolution" as a first step. 28 C.F.R. § 542.13(b); see Wilson v. Sawyer, 19-cv-00358, (N.D. Fla. Jan. 9, 2020), Dkt. 25 at 5–6 (stating that the Government agreed informal resolution with staff was not required where petitioner was under home confinement).

Counsel. 28 C.F.R. § 542.15. Should the Office of General Counsel deny or fail to respond to his request, Petitioner may then seek review by a district court pursuant to a § 2241 petition. See 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.").

Some courts have recognized the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile. See Rodriguez-Rosa, 2020 U.S. Dist. LEXIS 88044, at *28. Petitioner has not alleged that the administrative review process set out in the Program would not or could not provide him with a remedy. It is possible that Petitioner could achieve the credit he seeks at any of the stages in the Program's review and appeals process. Here, "[w]ithout some indication that the BOP administrative process offers no genuine potential remedy, the factual basis for a claim of futility remains unclear and the argument for futility is unpersuasive." Oladukun v. Winn, No. 04-cv-40198, 2005 U.S. Dist. LEXIS 17046, at *6 (D. Mass. Aug. 16, 2005). Lastly, although each review stage takes time and Petitioner is due for release from home confinement in April 2021, the Court notes that Petitioner could have begun pursuing his request for credit any time after his sentencing in 2011. His late request and failure to exhaust his administrative remedies is not grounds for waiving exhaustion.

### B. Credit/Sentence Reduction Due to Age and Participation in Programming

Petitioner also seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 2 at 5]. As grounds for this request, Petitioner cites his age and participation in programming during his term of incarceration. [Id. at 5–6]. Petitioner's § 2241 petition, however, is not an appropriate means of seeking a sentence reduction under § 3582(c)(1)(A) because "[d]istrict courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to [a] federal habeas proceeding under 28 U.S.C. § 2241." Holmes v. Spaulding, No.

20-cv-11061, 2020 U.S. Dist. LEXIS 99043, at *3 (D. Mass. June 5, 2020) (quoting Ray v. Finley, No. 19-cv-0988, 2019 U.S. Dist. LEXIS 186979, at *10 (M.D. Pa. Oct. 29, 2019)).

## IV.   CONCLUSION

Accordingly, Respondent's motion to dismiss the petition, [ECF No. 11], is GRANTED.

**SO ORDERED.**

February 22, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE